# IN THE COURT OF APPEALS OF IOWA

No. 14-0800
Filed February 11, 2015

**CRAIG W. HOYT,**
    Petitioner-Appellant,

**vs.**

**WENDLING QUARRIES and**
**UNITED HEARTLAND,**
    Respondents-Appellees.

_____

    Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.


    Workers' compensation claimant appeals the district court's order

affirming the agency's denial of claimant's petition for alternate care.

**AFFIRMED.**


    Matthew D. Dake of Wertz & Dake, Cedar Rapids, for appellant.

    Lee P. Hook and Joseph M. Barron of Peddicord, Wharton, Spencer,

Hook, Barron & Wegman, L.L.P., West Des Moines, for appellees.


    Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

This case presents the question of whether Iowa Code section 85.27 (2013) requires an employer to provide individualized counseling to an injured employee's spouse. The Iowa Workers' Compensation Commissioner's Designee concluded the employer was not so obligated, and the district court affirmed the agency's decision. We affirm the judgment of the district court.

I.

While employed at Wendling Quarries, Craig Hoyt sustained a traumatic work-related injury, suffering multiple rib fractures, thoracic fractures, a splenic contusion, right ankle and right knee fractures, a right cerebellar infarction, left shoulder trauma, and left arm trauma. Ultimately, Hoyt underwent a left shoulder amputation because of his work injury. As a result of his injuries, Hoyt suffers from several mental health conditions, including depressive disorder, post-traumatic stress disorder, and dementia.

Wendling Quarries authorized mental health treatment for Craig with Dr. Michael March. On March 16, 2013, March recommended Craig and his wife Amy engage in individualized counseling. Amy served as Craig's primary caretaker. Wendling Quarries denied Craig's request to authorize individualized counseling for his spouse. On October 17, 2013, Craig's attorney sent a letter to Dr. March asking if Craig would benefit from his spouse receiving counseling. Dr. March replied "yes" and explained, "Mrs. Hoyt is his caregiver, and will be better able to provide what he needs if she can manage her own distress and adjustment more effectively."

After Wendling Quarries again denied individualized counseling for Craig's spouse, Craig filed a petition for alternate medical care pursuant to Iowa Code section 85.27, seeking to compel the employer to pay for individualized counseling services for his spouse. The commissioner's designee denied the petition for alternate medical care. The agency stated that the statute requires the employer to provide treatment only for the "injured employee" and not individuals other than the employee. While the agency recognized that it had authorized marital counseling in which the injured worker's spouse participated, the agency explained that such counseling also included the injured worker and was not individualized counseling for another.

Craig sought judicial review of the agency's determination. The district court affirmed the agency's decision. The district court concluded the agency was not vested with interpretive authority over the statute and, therefore, the district court owed no deference to the agency. The district court reasoned the plain language of the statute authorizes treatment only for the injured worker and not for any other person. Craig timely filed this appeal.

II.

"The level of deference afforded to an agency's interpretations of law depends on whether the authority to interpret that law has clearly been vested by a provision of law in the discretion of the agency." *Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 256 (Iowa 2012) (citation omitted). "If the agency *has not* been clearly vested with the authority to interpret a provision of law, such as a statute, then the reviewing court must reverse the agency's interpretation if it is

erroneous." *Id.* Here, the interpretation of Iowa Code section 85.27 has not been vested by a provision of law in the discretion of the agency. This court will thus substitute its own interpretation of section 85.27 for the agency's if we conclude the agency's interpretation is legally erroneous. *See id.* at 261; *see also* Iowa Code § 17A.19(10)(c).

III.

"When interpreting a statute, we will not look beyond the express terms of the statute if the text of the statute is plain and its meaning clear. When the words of a statute are not defined by the legislature, we may refer to prior decisions of this court and others, similar statutes, dictionary definitions, and common usage." *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 519 (Iowa 2012). The relevant portion of the statute is as follows:

> For purposes of this section, the employer is obliged to furnish reasonable services and supplies to treat an injured employee, and has the right to choose the care. . . . The treatment must be offered promptly and be reasonably suited to treat the injury without undue inconvenience to the employee.

Iowa Code § 85.27(4).

We conclude the plain language of the statute does not require the employer to pay for individualized counseling services for someone other than the injured employee even where such treatment may benefit the injured employee. The statute limits the employer's obligation to provide care to "an injured employee." Clearly, Craig's spouse is not "an injured employee" for whom the employer has responsibility. The statute also limits the employer's obligation to provide services suited to treat "the injury." "Injury" is defined by code section 85.61(4). The definition includes only injury to the claimant. While

Dr. March opined that Craig's spouse may benefit from individualized counseling services, which may indirectly benefit Craig, such services are directed to the spouse's mental health condition and not "the injury," which is Craig's compensable injury suffered in the course of his employment with the employer.

Craig argues section 85.27 should be interpreted liberally to encompass individualized counseling for a claimant's spouse where such counseling may indirectly benefit the injured employee. *See Caterpillar Tractor Co. v. Shook*, 313 N.W.2d 503, 506 (Iowa 1981) ("[T]he primary purpose of the workers' compensation statute is to benefit the worker and the worker's dependents insofar as the statute permits. Thus the statute is to be interpreted liberally with a view toward that objective."). The obligation to interpret the workers' compensation law consistent with its legislative purpose does not give us leave to ignore the plain language of the statute. *See Neal*, 814 N.W.2d at 519; *Kaiser Aluminum & Chem. Sales, Inc. v. Hurst*, 176 N.W.2d 166, 168 (Iowa 1970) (stating even where statute directs the court to construe a chapter liberally to promote its underlying purpose, the court cannot ignore the plain language of the statute). The workers' compensation code is a creature of compromise, reflecting the legislature's determination of the proper allocation of rights and responsibilities between employees and employers with respect to work-related injuries. Fidelity to the text best honors the legislature's expressed policy determination.

In further support of his position that his employer should be required to pay for individualized counseling for his spouse, Craig notes the agency has

authorized payment for marriage and family counseling services that included the injured worker's spouse. *See, e.g. Hayes v. Schwan's Home Serv. Inc.*, File No. 5030177, 2010 WL 4284921, at *4 (Oct. 29, 2010) ("An authorized treating doctor . . . has recommended the marital counseling. Under the facts of this case the material counseling is allowable. . . . [T]he care is for marital counseling for both claimant and his wife for the treatment of the problems caused by claimant's depression and anxiety."). Wendling Quarries counters that the agency has authorized payment for counseling in which a spouse participates but not payment for individualized counseling for the spouse. *See Goodner v. Mercy Hosp.*, File No. 5022487, 2009 WL 5227591, at *26 (Dec. 30, 2009) (noting that "nothing in the Workers' Compensation law obligates an employer to pay for medical services provided to a member of the claimant's family rather than the claimant herself," and separating payment for the portion benefitting the claimant from the portion benefitting claimant's family); *Schulte v. Iowa State Penitentiary*, 33 Biennial Rep. Iowa Indus. Comm'r 180 (Appeal Dec. Sept. 30, 1977) (disallowing psychiatric treatment for the claimant's spouse for the spouse's conditions of anxiety, depression, guilt, unhappiness and frustration).[1]

We conclude Craig's argument is unavailing. First, the agency's past practice is not binding on this court. Second, the agency's interpretation of section 85.27 is not binding on this court. Third, the agency decisions cited by Craig are distinguishable. In those cases, the spouse was collateral to

---

[1] Craig and Wendling Quarries cite to several agency decisions without including an "electronic citation indicating where the opinion may be readily accessed online." Iowa R. App. P. 6.904(2)(c).

counseling services provided directly to the employee. That is materially different than Craig's request for alternate care in which he seeks individualized counseling for his spouse, in which he will not participate, and which may have some collateral benefit to him. The statute may require payment for the former, but it clearly does not require payment for the latter. *See Hayes*, 2010 WL 4284921, at *3 (allowing marital counseling while noting "[i]n the instant case [the doctor] has recommended the marital therapy for both claimant and his wife (thus not just a family member)"); *Goodner*, 2009 WL 5227591, at *26 (authorizing family counseling where "part of the family counseling benefitted claimant," but authorizing payment only for the portion benefitting the claimant). We hold section 85.27 does not require the employer to provide individualized counseling services to an injured employee's spouse.

IV.

The agency's denial of claimant's petition for alternate medical care was not based on an erroneous interpretation of Iowa Code section 85.27. We affirm the judgment of the district court.

**AFFIRMED.**